UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MBAY LOUVOUEZO,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF HONOLULU,<br><br>  Defendant. | Case No. 15-cv-04265-DMR<br><br>**ORDER DISMISSING CASE**<br><br>Re: Dkt. No. 12 |

Plaintiff filed a Complaint and Application to Proceed *In Forma Pauperis* ("IFP Application") on September 18, 2015. [Docket Nos. 1 and 2.] On October 8, 2015, Plaintiff filed consent to proceed before a magistrate judge pursuant to 28 U.S.C. §636(c). [Docket No. 5.] The court granted the IFP Application and dismissed the complaint with leave to amend.[1] [Docket No. 7.] On October 30, 2015, the Plaintiff filed a declination to magistrate judge jurisdiction and an amended complaint. [Docket Nos. 11 and 12.]

The amended complaint fails to address the deficiencies identified in the court's prior order and the court dismisses the case without leave to amend.

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

## I. BACKGROUND

Plaintiff filed his amended complaint against the City of Honolulu on October 30, 2015. [Docket No. 12.] The amended complaint contains no specific legal claims, but alleges that: (1) Plaintiff has been chased by people in a red helicopter who are trying to kill him; (2) Plaintiff has been cursed at by bus drivers; (3) cars drive through puddles to splash Plaintiff; (4) a blond man in black clothing has been following Plaintiff; (5) Plaintiff's apartment manager did not return his security deposit; and (6) an airline worker charged Plaintiff an extra baggage fee. *Id.* Plaintiff also states that that while in Honolulu he heard a woman screaming above his apartment. Plaintiff called the police, but after they arrived and Plaintiff did not know the location of the screaming, the police left without investigating. Plaintiff further alleges that helicopters and airplanes continue to follow him in Oakland and Berkeley, including a red helicopter.

## II. DISCUSSION

### A. Consent to Jurisdiction of a Magistrate Judge

On October 8, 2015, Plaintiff filed consent to proceed before a magistrate judge under 28 U.S.C. §636(c), but filed a declination several weeks later. [Docket Nos. 5 and 11.]

A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge. *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993); *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984). The entitlement to an Article III adjudicator is "a personal right" and thus ordinarily "subject to waiver," and the court has never held that a litigant who has the right to an Article III court may not waive that right through his consent. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1944, 1947 (2015) citing *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986). This right can be waived, allowing parties to consent to trial before a magistrate judge. *Dixon* at 479-480; *Pacemaker* at 542; 28 U.S.C. § 636(c)(1). That consent to magistrate judge jurisdiction can be express or implied, based on "actions rather than words." *Roell v. Withrow*, 538 U.S. 580, 589 (2003). Once a civil case is referred to a magistrate judge under section 636(c), the reference can

be withdrawn only by the court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." *Dixon* at 480 (quoting *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. *Dixon* at 480. Here, Plaintiff states that he "did not understand ... the very first time I was filling out my complaint, regarding my case by consenting a judge. Magistrate or not. I missed understanding that part." [Docket No. 11 at 2.]

Plaintiff has filed his express consent to proceed before a magistrate judge. [Docket No. 5.] After the court issued an order dismissing his case with leave to amend, Plaintiff filed a declination. Plaintiff has not shown good cause or presented evidence of extraordinary circumstances for the court to allow Plaintiff to withdraw his consent to magistrate judge jurisdiction. Therefore, Plaintiff's October 30, 2015 declination of magistrate judge jurisdiction will be disregarded. Defendant has not been served, and therefore is not a party to the suit pursuant to 28 U.S.C. § 636(c). *See Third World Media, LLC v. Does 1-1568*, No. 10-04470-LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011). The undersigned may exercise jurisdiction to conduct all proceedings in this matter, including the entry of judgment.

**B.      Review of Complaint**

In reviewing an application to proceed *in forma pauperis*, courts may dismiss a case sua sponte if the party applying for *in forma pauperis* status files a frivolous action or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

Plaintiff's amended complaint, titled "statement of experiences in Honolulu," adds additional facts that were not in his initial complaint. However, the amended complaint fails to set forth facts to state a claim for relief that is plausible on its face. The Plaintiff names the City of Honolulu as the Defendant, but does not explain how the City of Honolulu violated his rights or which rights were violated. Plaintiff describes an incident that occurred while he was in Hawaii where he heard a woman named Joni screaming above his apartment and he believed that she was being raped. After Plaintiff called the police they inquired where the screaming was coming from. Plaintiff did not know and that the police departed without investigating. Plaintiff alleges that after the incident when he heard Joni screaming "his life changed." Amended Complaint [Docket No. 12] at 2. After the incident with Joni, Plaintiff "felt that everywhere he went, people would insult him and call him swear words....He was also insulted and called swear words by the bus drivers. He noticed that unmarked police cars would follow him." *Id.* Plaintiff also alleges that he "notice[d] a blond guy who always wore black that would follow him" everywhere and that "cars would drive by during the rains and drive through puddles to splash him." *Id.* Plaintiff's complaint also includes allegations that his apartment manager did not return his security deposit, that he got a ticket for jaywalking, and that an airline worker charged him an extra baggage fee at the airport. *Id.* However, Plaintiff fails to provide facts that would support a cause of action and the amended complaint fails to tie the allegations to the named Defendant, the City of Honolulu.

Plaintiff also alleges that he is being chased by a red helicopter and that the people inside the helicopter are trying to kill him. He alleges that since he has left Honolulu, planes and

4

helicopters continue to follow him in Oakland and Berkeley, including a red helicopter. *Id.* In sum, Plaintiff states no facts in support of a comprehensible cause of action under any statute, nor does he provide any facts suggesting that this court has jurisdiction over his complaint.

Plaintiff's amended complaint also does not state a basis for asserting for federal question or diversity jurisdiction, and does not address the jurisdictional defects identified in the first order of dismissal.

The court previously dismissed Plaintiff's complaint with leave to amend. The amended complaint fails to address the deficiencies noted in the court's prior order and it does not appear that the deficiencies can be cured by further amendment. [Docket No. 7.] The court therefore dismisses the complaint without leave to amend.

## III. CONCLUSION

For the reasons above, the court dismisses Plaintiff's Amended Complaint without leave to amend.

**IT IS SO ORDERED.**

Dated: November 20, 2015

_____
DONNA M. RYU
United States Magistrate Judge